IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD PRESSLEY and** | : | |
| **LORESTINE PRESSLEY** | : | |
|    **Plaintiffs,** | : | |
| | : | |
|    v. | : | CIVIL ACTION NO. 25-1937 |
| | : | |
| **USAA GENERAL INDEMNITY** | : | |
| **COMPANY,** | : | |
|    **Defendant.** | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                   June 30, 2025

      In this case, Plaintiffs Ronald ("Mr. Pressley") and Lorestine Pressley ("Mrs. Pressley") (collectively, "Plaintiffs") allege that Defendant USAA General Indemnity Company ("USAA GIC" or "Defendant") has not paid benefits owned to Plaintiffs under their Underinsured Motorist ("UIM") policy. To obtain the unpaid benefits, Plaintiffs now bring a four-count Complaint against Defendant alleging (1) a breach of contract (**Count I**), (2) a violation of 42 Pa. C.S. § 8371, Pennsylvania's "bad faith" statute (**Count II**), (3) UM/UIM breach of contract (**Count III**), and (4) unjust enrichment (**Count IV**).[1] *See* ECF No. 1-1 ("Compl.").

      Presently before the Court is Defendant's Partial Motion to Dismiss. ECF No. 11 ("Mtn."). Prior to filing the instant Motion, the Parties stipulated to the dismissal of (1) the request for punitive damages in Count III of the Complaint, and (2) the claim for unjust enrichment at Count IV. *Id.* at 6. The Partial Motion to Dismiss concerns only Count I (breach contract) and Count II

---

[1] Plaintiffs plead two "Count III"s in their Complaint. *See* Compl. ¶¶ 42–52. The claim for unjust enrichment follows Plaintiffs' breach of contract claim, which is properly numbered as Count III. *Id.* For that reason, the Court refers to the unjust enrichment claim as Count IV.

1

(bad faith under 42 Pa. C.S. § 8371). *Id.* at 8–14. The Court will **grant** the Partial Motion to Dismiss, and only Plaintiffs' Count III breach of contract claim remains.

I. <u>BACKGROUND</u>

On March 5, 2025, Plaintiffs filed a Complaint against Defendant USAA GIC (and other improperly named defendants) in the Court of Common Pleas of Philadelphia County. Compl. at 2. On April 16, 2025, Defendant removed this action to the United States District Court for the Eastern District of Pennsylvania. ECF No. 1 at 1.

Plaintiffs allege that on December 22, 2023, Mr. Pressley sustained injuries in an automobile accident. *See* Compl. ¶¶ 8–9. Mr. Pressley then sought recovery from the tortfeasor's insurance company. *Id.* ¶ 9. The tortfeasor's insurance company investigated, determined that the tortfeasor was liable for the injuries, and settled Mr. Pressley's bodily injury claim up to the tortfeasor's policy limit of $15,000. *Id.*

At the time of the accident, Plaintiffs maintained an automobile insurance policy issued by Defendant USAA GIC through which they received UIM coverage. *Id.* ¶ 6; *see* ECF No. 11-3 at 58–64. USAA GIC consented to Mr. Pressley's settlement with the tortfeasor's insurance company, and Plaintiffs subsequently submitted a formal demand to Defendant on January 13, 2025 for UIM benefits. Compl. ¶¶ 9–13. As part of the formal demand process, Plaintiffs submitted "medical, treatment and expert documents" evidencing that Mr. Pressley sustained head injuries and other serious bodily injuries necessitating over $500,000 in medical treatment, and that Mrs. Pressley suffered a loss of consortium. *Id.* ¶¶ 13, 18, 40, 47.

As of February 13, 2025, Defendant had "failed and otherwise refused to pay to Plaintiff those benefits due and owing under said policy of insurance." *Id.* ¶ 13.[2] Plaintiffs allege that Defendant's failure and refusal to pay resulted in (1) a breach of contract (Count I), (2) a violation of 42 Pa. C.S. § 8371, Pennsylvania's "bad faith" statute (Count II), (3) entitlement to UIM benefits (Count III), and (4) unjust enrichment at Plaintiffs' expense (Count IV). *See id.* ¶¶ 13–52. In response, Defendant moves for partial dismissal of the Complaint, arguing that it is entitled to dismissal of Count I and Count II. Mtn. at 1–2.

## II. <u>LEGAL STANDARD</u>

To survive a 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Although the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff," *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), a plaintiff's complaint must do more than "allege a plaintiff's entitlement to relief; it must 'show' such an entitlement with its facts." *Carolan v. Progressive Advanced Ins.*,

---

[2] Although not entirely clear to the Court, it appears that Plaintiffs allege that "[t]o date, the Plaintiffs and U.S.A.A. have been unable to resolve the Plaintiffs' right to recover damages under said policy and/or the amount of his damages." Compl. ¶ 45. This indicates to the Court that benefits have not been outright denied, but that the issues of entitlement to benefits and benefits to be paid remain unresolved between the parties. However, Plaintiffs' Complaint repeatedly refers to a denial of benefits seemingly in the alternative without further discussion of a denial date or settlement offer amount. *See, e.g., id.* ¶¶ 18; 21.

No. 24-3248, 2025 WL 777708, at *3 (E.D. Pa. March 11, 2025) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009)). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief," and the court may dismiss the claim. *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.  DISCUSSION

Defendant seeks to dismiss Counts I and II of Plaintiffs' Complaint. *See* Mtn. at 8–14. As to Count I, the Court agrees with Defendant that Plaintiffs have essentially alleged a breach of the implied covenant of good faith and fair dealing, which cannot provide a basis for relief independent from Count III of the Complaint. Furthermore, Plaintiffs' allegations supporting the notion that Defendant's delay in resolving the UIM claim constitutes bad faith are insufficient. Accordingly, the Court will grant Defendant's motion, leaving only the breach of contract claim at Count III to proceed to discovery.

### A.  Count I's breach of contract claim cannot stand as an independent cause of action.

Defendant argues that Count I alleges a breach of the implied covenant of good faith and fair dealing, which cannot stand as an independent cause of action and should therefore be dismissed as "subsumed by the breach of contract claim set forth in Count III." *See* Mtn. at 8–10. The Court agrees and will dismiss Count I as subsumed in the Count III breach of contract claim.

Under Pennsylvania law, a claim for breach of the implied covenant of good faith and fair dealing is not recognized as an independent cause of action. *See Landan v. Wal-Mart Real Est. Bus. Tr.*, 775 F. App'x 39, 42 (3d Cir. 2019) ("The Pennsylvania courts have made clear—and our Court has recognized—that Pennsylvania does not allow an action for breach of the covenant of good faith and fair dealing separate from a breach of contract claim."); *see also Burton v. Teleflex*

4

*Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) ("[U]nder Pennsylvania law, a claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim." (internal quotations omitted)); *cf. Ike v. Travelers Pop. Cas. Co. of Am.*, No. 23-4498-KSM, 2025 WL 1116527, at *7 (E.D. Pa. Apr. 15, 2025) (citing cases).

As Defendant argues, the breach of contract claim in Count I reads as a breach of the implied covenant of good faith and fair dealing, while Count III alleges a breach of contract for nonpayment of UIM benefits. *See* Mtn. at 8–10. Counts I and III arise from the same contract, *i.e.*, the insurance policy, and are based on allegations that Defendant breached the insurance policy in its handling of Plaintiffs' UIM benefits demand.[3] *See* Compl. ¶¶ 15–18, 42–49. However, Count III's breach of contract claim gets to the heart of the dispute by alleging that Plaintiffs (1) maintained a valid insurance policy with USAA GIC, (2) are entitled to receive the benefits under that policy, (3) have not yet received those benefits, and (4) sustained damages as a result. *Id.* ¶¶ 42–49. On the other hand, Plaintiffs effectively plead in Count I that Defendant's failures in evaluating the UIM demand amounted to a violation of good faith and fair dealing. *Id.* ¶¶ 15–18. The law is well-settled that a breach of the implied covenant of good faith and fair dealing is not recognized as an independent cause of action. Thus, Count I cannot proceed as a standalone claim and is dismissed with prejudice as subsumed in Count III.[4]

---

[3] Irrespective of the Court's determination that Count I pleads a breach of the implied covenant of good faith and fair dealing, Plaintiffs purport to plead a breach of the same contract in both Count I and Count III, and duplicative claims should be dismissed. *See, e.g.*, *Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 626 (E.D. Pa. 2010) (recognizing authority of court to dismiss duplicative claims).

[4] Dismissal with prejudice is warranted where, as here, amendment would be futile. *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000).

**B. Count II does not plead sufficient facts to establish a bad faith claim under 42 Pa. C.S. § 8371.**

Defendants argue that Plaintiffs fail to plead sufficient allegations to sustain their bad faith claim under 42 Pa. C.S. § 8371. Mtn. at 10–14. The Court agrees, and Count II is dismissed without prejudice.

To demonstrate a statutory bad faith claim, a plaintiff must show: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." *CW Kearse v. Cumberland Mut. Fire Ins. Co.*, No. 23-3936, 2024 WL 2188907, at *1 (E.D. Pa. May 13, 2024) (quoting *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)). Furthermore, bad faith claims advancing "only bare-bones conclusory allegations" cannot "survive a Rule 12(b)(6) motion to dismiss." *Carr v. Travelers Home & Marine Ins. Co.*, 700 F. Supp. 3d 288, 298 (E.D. Pa. 2023) (quoting *Camp v. New Jersey Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (internal quotations omitted)).

Here, Plaintiffs argue that Defendant acted, and continues to act, in bad faith by "fail[ing] to investigate and pay said UIM settlement in an expeditious manner," and "fail[ing] to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear . . . ." Compl. ¶¶ 21, 27. The Court understands Plaintiffs to allege that Defendant's delay in resolving the UIM claim constitutes bad faith. *Id.* ¶¶ 12–13, 21. However, a one- or two-month delay in "investigat[ing] and pay[ing] [a] UIM settlement," *id.* ¶ 21, is not, on its own, sufficient to sustain a bad faith claim. "In bad faith cases premised on an insurer's delay and failure to communicate, courts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months." *Young v. State Farm*

*Auto. Ins. Co.*, 614 F. Supp. 3d 153, 156–57 (E.D. Pa. 2022) (citing cases); *see also Faulkner v. Metro. Prop. and Cas. Ins, Co.*, No. 1:21-CV-638, 2021 WL 12313058, at *1 (M.D. Pa. Aug. 11, 2021) (holding that a two-month temporal lapse is not alone evidence of bad faith and citing cases); *Williams v. Hartford Cas. Inc. Co.*, 83 F. Supp. 2d 567, 571–73 (E.D. Pa. 2000) (holding that a fifteen-month temporal lapse is not alone evidence of bad faith). Simply put, USAA GIC's "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012).

The Complaint is otherwise devoid of factual allegations sufficient to show that USAA GIC acted in bad faith.[5] Without more, Plaintiffs cannot sustain a bad faith claim and Claim II is dismissed without prejudice.

## IV.     CONCLUSION

In addition to the Parties' previously agreed-upon dismissal of Plaintiffs' request for punitive damages in Count III and the unjust enrichment claim in Count IV, and for the reasons stated above, Count I is dismissed with prejudice, and Count II is dismissed without prejudice. Plaintiffs' Count III breach of contract claim will otherwise proceed to discovery. An accompanying order follows.

**BY THE COURT:**

**/s/ CHAD F. KENNEY**

**CHAD F. KENNEY, J.**

---

[5] Plaintiffs allege in cursory fashion that "Defendant also committed bad faith in ignoring said documentation and without reason significantly undervaluing the Plaintiffs' UIM claim." Compl. ¶ 21. However, the allegation lacks further context and cannot alone sustain a bad faith claim. Furthermore, certain of the allegations purporting to support Plaintiffs' bad faith claim appear to state a negligence claim against the underinsured motorist. *See, e.g.*, Compl. ¶¶ 30–41. The Court does not find these allegations to be compelling support for a bad faith insurance claim.